**Abdullah ALSHAEF, Petitioner,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent.**

No. 02–4446.

United States Court of Appeals, Second Circuit.

March 2, 2005.

Kai W. De Graaf, New York, NY, for Petitioner.

Samidh Guha, Assistant United States Attorney (David N. Kelley, United States Attorney for the Southern District of New York, Sara L. Shudofsky, Assistant, United States Attorney, on the brief), New York, NY, for Respondent.

Present: WALKER, Chief Judge, HALL, and GIBSON,* Circuit Judges.

---

* The Honorable John R. Gibson, Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the order of the Board of Immigration Appeals is AFFIRMED and the petition is **DENIED.**

Petitioner Abdullah Alshaef seeks review of an August 9, 2002 order of the Board of Immigration Appeals ("BIA") affirming without opinion a July 28, 1999 decision by an immigration judge ("IJ") that denied Alshaef's applications for asylum, withholding of deportation, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"). Where the BIA has affirmed without opinion, we review the IJ opinion directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). On appeal, Alshaef argues (1) that the IJ's credibility determination was not supported by "substantial evidence," and (2) that once Alshaef's testimony is properly credited, he qualifies for asylum.

We note initially that the permanent provisions of IIRIRA ** govern our review because deportation proceedings against Alshaef commenced after April 1, 1997; under that statute we defer to an IJ's factual findings provided they are supported by "substantial evidence" in the record. *See Zhang v. INS,* 386 F.3d 66, 73 n. 7 (2d Cir.2004) (IIRIRA codifies "substantial evidence" test). Challenges to an IJ's factual findings as to refugee status merit reversal "only if no reasonable factfinder could have failed to find [the] past persecution or fear of future persecution [necessary to sustain the petitioner's burden]." *Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003) (internal citation and quotation marks omitted).

Upon review of the record, we find that substantial evidence supported the IJ's credibility determination, to which we give "particular deference." *Id.* (internal citation and quotation marks omitted). The IJ identified inconsistencies among Alshaef's testimony at the hearing, his testimony at his initial asylum interview, and his amended asylum application. The IJ focused in particular on (1) Alshaef's failure to mention his fifteen-month detention in his first asylum application and in his asylum interview, (2) the discrepancy between his alleged detention and the alleged date of birth of one of his children, (3) his voluntary return to Yemen from Saudi Arabia *after* his detention, (4) the Yemeni government's willingness to issue him visas, and (5) the lack of any showing that Alshaef's family, who remained in Yemen, had been persecuted in any way. The IJ additionally observed that Alshaef's testimony was "very, very vague," "non-specific," and "evasive."

Because Alshaef failed to sustain an asylum claim, he necessarily failed to meet his greater burden of proof on his withholding of removal claim. *Chen,* 344 F.3d at 276. He also cannot show that it is "more likely than not" that he will be subject to torture upon his return, and thus cannot properly claim relief under CAT. *Wang v. Ashcroft,* 320 F.3d 130, 134 (2d Cir.2003).

We have carefully considered all of petitioner's contentions and find them to be without merit. Therefore, the decision of the Board of Immigration Appeals is hereby **AFFIRMED** and the petition is **DENIED.**

---

** Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104–208, 110 Stat. 3009.